**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ALICE S. DAROSA,
   Appellant,

    v.

DEPARTMENT OF VETERANS
 AFFAIRS,
   Agency.

DOCKET NUMBER
AT-315H-16-0116-I-1

DATE: September 13, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mary Bonnie Grant, Columbia, South Carolina, for the appellant.

Edith W. Lewis, Columbia, South Carolina, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The agency appointed the appellant to the excepted-service position of Medical Support Assistant, GS-05, effective November 2, 2014, subject to a 1‑year trial period.  Initial Appeal File (IAF), Tab 7 at 5, 8-10.  Prior to the completion of her trial period, the agency terminated the appellant, effective October 23, 2015, due to disrespectful conduct towards a patient.  *Id.* at 7, 11-13. The appellant filed a Board appeal and requested a hearing.  IAF, Tab 1.  In his jurisdictional order, the administrative judge provided the appellant with notice of the elements and burdens of establishing jurisdiction over her appeal.[2]  IAF, Tab 3.  The appellant filed a response, and, after the administrative judge issued a second order, the agency also responded.  IAF, Tabs 5-7.

---

[2] Although the appellant was a preference eligible appointed to the excepted service, the jurisdictional order provided notice applicable to individuals in the competitive service. IAF, Tab 3. The initial decision cured the defective notice, however, by correctly informing the appellant of what she must do to establish jurisdiction as a preference-eligible "employee" in the excepted service and affording her an opportunity to establish jurisdiction on review.  IAF, Tab 8, Initial Decision (ID) at 3-6; *Parker v. Department of Housing & Urban Development*, 106 M.S.P.R. 329, ¶ 8 (2007).

¶3      In an initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID). Specifically, he found that the appellant failed to nonfrivolously allege that she was an "employee" with appeal rights to the Board under 5 U.S.C. § 7511(a)(1)(B) because, as a preference eligible in the excepted service, she was required to have completed 1 year of current continuous service in the same or similar positions, but failed to show that she had done so. ID at 6.

¶4      The appellant filed a petition for review of the initial decision in which she argues that she completed her trial period during her prior service with the Department of Defense. Petition for Review (PFR) File, Tab 1. The appellant also sought review from the Equal Employment Opportunity Commission (EEOC) following the issuance of the initial decision in this matter. Pursuant to the appellant's March 31, 2016 petition before it, the EEOC submitted a decision in which it dismissed the appellant's complaint for lack of jurisdiction, finding "little point in continuing to view the matter as a 'mixed case' as defined by 29 C.F.R. § 1614.302(c)(2)(i), because the MSPB did not address any matter within the Commission's jurisdiction." PFR File, Tab 3 at 2. In that regard, the appellant argues that "[b]y erroneously giving [her] appeal rights through the MSPB, the appellant could have filed with the EEOC for discrimination based on her disability as a veteran."[3] PFR File, Tab 1 at 2. The agency did not respond.

---

[3] Although the appellant identified herself as a preference eligible, she did not argue or even imply in her appeal below that the agency's action was discriminatory on the basis of her status as a veteran. If the appellant believes that is the case, there is no time limit for filing a direct appeal under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA). *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 9 n.1 (2012). Nevertheless, we decline to forward the appeal to the Board's regional office for docketing as a USERRA appeal because, when an appellant raises a claim of disability discrimination based on an injury incurred during military service, the fact that she incurred the injury during military service is incidental to her claim of disability discrimination and does not make her claim a USERRA claim. *Hanson v. U.S. Postal Service*, 110 M.S.P.R. 624, ¶ 9 (2009).

¶5 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An individual who meets the definition of "employee" at 5 U.S.C. § 7511(a)(1) generally has the right to challenge her removal from the Federal service by filing an appeal with the Board. *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 9 (2011); *see* 5 U.S.C. §§ 7512(1), 7513(d). The definition of "employee" includes "a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions" in an Executive agency. 5 U.S.C. § 7511(a)(1)(B)(i).

¶6 As the administrative judge correctly determined, the appellant has not satisfied the statutory requirements for showing that she is an "employee" with appeal rights to the Board. ID at 6. Nor does the record reflect that the appellant had prior service that could be used to tack on to meet the "current continuous service" requirement. The administrative judge correctly found that, because the appellant had a break in service from November 13, 2011, to October 23, 2015, she could not meet the current continuous service requirement. ID at 4-7. Because she lacks 1 year of current continuous service in the same or similar positions, the appellant is not an "employee" under 5 U.S.C. § 7511(a)(1)(B), and the Board therefore lacks jurisdiction over her appeal. *Allen v. Department of the Navy*, 102 M.S.P.R. 302, ¶ 9 (2006).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                             Jennifer Everling
                             Acting Clerk of the Board

Washington, D.C.